IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TERRY GARVIN                                                                                              PLAINTIFF

V.                                                       CIVIL CASE NO.: 3:18-CV-255-SA-RP

CITY OF CHARLESTON, MISSISSIPPI;
TALLAHATCHIE COUNTY, MISSISSIPPI;
TIM COLE, INDIVIDUALLY;
WENDY JONES, INDIVIDUALLY                                       DEFENDANTS

ORDER OF DISMISSAL WITHOUT PREJUDICE

On November 14, 2018, Plaintiff Terry Garvin filed his Complaint [2] against defendants City of Charleston, Mississippi, Tallahatchie County, Mississippi, Tim Cole, individually, and Wendy Jones, individually. The case was removed from the Circuit Court of Tallahatchie County, Mississippi, to this Court on November 29, 2018. The State court record contains Summons issued to Defendants Wendy Jones and Tim Cole [8-2, 8-3] on November 14, 2018; however, there is no indication on the Docket or in the State Court Record that the State court summonses were returned executed.

Plaintiff's deadline for perfecting service with the state-issued summonses was no later than March 14, 2019. *See* MISS. R. CIV. P. 4(h) (stating that the summons and complaint must be served within 120 days after filing complaint). Plaintiff has not served Defendants Wendy Jones or Tim Cole. The Plaintiff also made no request of this Court to issue new process. Had this Court issued new process, Plaintiff's deadline for perfecting service would have been extended to February 27, 2019. See *McKnight v. United States*, No. CV 17-8248, 2018 WL 3928152, at *2 (E.D. La. Aug. 16, 2018) ("In removed cases, [Federal Rule of Civil Procedure] 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in

state court") (*citing* 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1137 at 83 and *Workman v. Bissessar*, 275 F. Supp. 3d 263, 269 (D.D.C 2017)).

On January 7, 2019 and February 8, 2019, the Clerk filed Notices of Incomplete Process [12, 19], notifying Plaintiff that no summons had been served on Tim Cole or Wendy Cole. On April 24, 2019, this Court entered an Order to Show Cause [21] as to why The Plaintiff's claims against Tim Cole and Wendy Cole should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to perfect service. Rule 4(m) dictates "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *see also* M.R.C.P. 4 (if "the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion").

The Court's Order [21] states that "Plaintiff's failure to respond to this Order or establish good cause for his failure to timely serve Defendants Wendy Jones and Tim Cole will result in their dismissal from this action." Plaintiff's response was due no later than May 21, 2019, yet Plaintiff has altogether failed to respond. *Id*. Therefore, Plaintiff's claims against Defendants Tim Cole and Wendy Cole are dismissed *without prejudice*.

SO ORDERED, this the 5th day of June, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE